```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| PAULA BRAY, ) ) Plaintiff, ) ) v. ) ) CAROLYN W. COLVIN, Acting ) Commissioner of the Social ) Security Administration, ) ) Defendant. ) ) | CIVIL ACTION No. 13-12799-WGY |

MEMORANDUM & ORDER

YOUNG, D.J.                                           September 1, 2015

## I.   INTRODUCTION

Paula Bray ("Bray") has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying her adult childhood disability benefits.  Compl., ECF No. 1.  After the Commissioner submitted to the Court a copy of the administrative record of Bray's claim, SSA Admin. R. Soc. Sec. Proceedings ("Admin. R."), ECF No. 21,[1] each party submitted a

---

[1] A hard copy of the administrative record was filed under seal with the Court, and the record does not appear on the case's electronic docket.  The voluminous record contains a myriad of details regarding Bray's medical treatment over the past two decades.  Because these details are irrelevant to the Court's disposition of the present motions, the Court declines to repeat them here in the interest of protecting Bray's privacy.

[1]

motion for judgment in its favor and a supporting memorandum, Pl.'s Mot. Order Reversing Decision Comm'r, ECF No. 24; Mem. Supp. Pl.'s Mot. Order Reversing Decision Comm'r ("Pl.'s Mem."), ECF No. 25; Def.'s Mot. Affirm Comm'r's Decision, ECF No. 27; Mem. Law Supp. Def.'s Mot. Affirm Comm'r's Decision ("Def.'s Mem."), ECF No. 28.

## II. LEGAL FRAMEWORK

### A. Standard of Review

When reviewing a decision denying social security benefits under the judicial review provisions of 42 U.S.C. § 405(g), the Court is obligated to uphold the Commissioner's decision so long as she has used the correct legal standard and has supported her factual findings with substantial evidence from the record. Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). A decision is supported by substantial evidence "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). This standard may be met – thus mandating affirmance of the decision - "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); cf. Bath Iron Works Corp. v. U.S. Dep't of Labor, 336 F.3d 51, 56 (1st Cir. 2003) (noting that the

substantial evidence standard "certainly does not approach the preponderance-of-the-evidence standard").

**B.   Disability Standard**

Under governing law, a claimant is deemed disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  This case in particular is about childhood disability benefits, which are available if a claimant is "18 years old or older and ha[s] a disability that began before [she] became 22 years old."  20 C.F.R. § 404.350(a)(5).

When evaluating whether a claimant is disabled, an Administrative Law Judge (the "hearing officer") working with the Social Security Administration uses a five-step process.  At the first step, the hearing officer determines whether the claimant is engaged in substantial gainful activity, which is defined as work involving significant physical or mental activities for pay or profit.  If the claimant is so engaged, she is deemed not disabled.  Id. § 404.1520(a)(4)(i); id. § 404.1572.  Claimants earning over a certain amount of money per month are presumed to be engaged in substantial gainful activity.  See id. § 404.1574.  At step two, the hearing officer

examines the record to determine whether the claimant has any severe medical impairments; if not, she is deemed not disabled. Id. § 404.1520(a)(4)(ii).  At step three, the claimant is deemed disabled if her severe impairment matches or equals one of a number of impairments listed in the governing regulations.  Id. § 404.1520(a)(4)(iii).  The hearing officer then determines the claimant's residual functional capacity to perform work.  If the claimant retains the residual functional capacity to perform her past work, she is deemed not disabled at step four.  Id. § 404.1520(a)(4)(iv).  If she retains the capacity to perform some other kind of work that exists in significant numbers in the national economy, she is deemed not disabled at step five.  Id. § 404.1520(a)(4)(v).  The claimant bears the burden of showing that she is disabled at steps one through four; the burden shifts to the Commissioner at step five.  Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982).

**III. ADMINISTRATIVE PROCEEDINGS**

Bray applied for a child's insurance benefits on April 16, 2010,[2] claiming that she was disabled due to bipolar disorder,

---

[2] Both the hearing officer in his disposition of Bray's claim and the Commissioner in her memorandum to this Court state that the initial application date was November 3, 2009, see Admin. R. 15; Def.'s Mem. 1, but this contradicts the date that appears on Bray's actual application.  The application date is immaterial to the present dispute; the Court mentions it only in the interest of clarity.

learning disability, paranoia, anxiety, depression, and appetite disturbance. Admin. R. 19, 59-62. She alleged a disability onset date of January 1, 1989, which – given her birthdate of September 14, 1967 – occurred before her twenty-second birthday and thus made her eligible for adult childhood disability benefits. See id. at 59. Her claim was denied in September 2010 and again on reconsideration in February 2011. Id. at 22, 27. In July 2011, Bray filed a request for a hearing, id. at 29, which took place before the hearing officer on August 21, 2012, id. at 392-404.

The hearing officer issued a decision denying Bray's claim for benefits on August 29, 2012. Id. at 15-19. After determining that the purported disability onset date fell before Bray's twenty-second birthday, the hearing officer found at the first step of the disability determination process that Bray had engaged in substantial gainful activity in 1997. Id. at 17-18. Specifically, he summarized her earnings over a number of years between 1985 and 2010 and found that the $8,284.77 Bray earned in 1997 fell above the threshold at which substantial gainful activity is presumed. See id. at 17-18; see also id. at 63 (detailing Bray's yearly earnings); 20 C.F.R. § 404.1574 (stating that, for the relevant time period, substantial gainful activity is presumed if monthly average earnings are more than $500). Although Bray's counsel claimed at the hearing that Bray

[5]

received accommodations at work in 1997 that would disqualify her job from being considered substantial gainful activity, the hearing officer noted that "there is no significant evidence of these accommodations." Admin. R. 18.  Despite so finding, the hearing officer then "[gave] the claimant the benefit of the doubt regarding this work for purposes of the claimant's eligibility for Disabled Adult Child benefits" and proceeded to step two of the disability determination process.  Id.  He additionally ruled that there had been continuous twelve-month periods in which Bray had not engaged in any substantial gainful activity and addressed his remaining findings to those periods.  Id.

At step two, the hearing officer found that Bray had not carried her burden of showing that she suffered from a severe impairment before the age of twenty-two, as required for adult childhood disability benefits.  Id. at 18-19.  He stated that "[i]n claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled."  Id.  Because the earliest medical evidence in the record came from 1995 – well after Bray's twenty-second birthday in September 1989 – the hearing officer concluded that there was "no means of determining what, if any, limitations the claimant experienced prior to age 22."  Id. at

19. Accordingly, he found that Bray was not disabled at any time prior to September 13, 1989.  Id.

Bray filed an appeal of the hearing officer's decision on October 3, 2012, claiming that newly found evidence demonstrated that she was indeed disabled before the age of twenty-two.  Id. at 10.  In November 2012, Bray submitted to the Appeals Council three medical reports from 1981 regarding treatment she received for mental illness.  Id. at 151, 381-91.  In a letter to the Appeals Council, Bray's attorney explained that this evidence was only recently uncovered because "[q]uestioning at the hearing by the [hearing officer] elicited recollection of treatment and treatment providers prior to age 22."  See id. at 151.

On September 16, 2013, the Appeals Council denied Bray's request for review, rendering the hearing officer's decision the final decision of the Commissioner.  Id. at 6.  Noting that it had looked at the additional evidence Bray submitted, the Council nevertheless stated that the evidence did not provide a basis for overturning the hearing officer's decision.  Id. at 6-7.  Specifically, it noted that a 2012 letter from Bray's 1996-1997 employer – which had been included in the record before the hearing officer and which the hearing officer found did not amount to evidence that Bray had received accommodation - demonstrated that Bray had engaged in substantial gainful

activity after the age of twenty-two and was thus ineligible for adult childhood disability benefits.  See id. at 7; see also id. at 375.

## IV.   ANALYSIS

Bray offers one reason why this Court ought vacate the Commissioner's decision and remand the case back to the Administration: the Appeals Council failed adequately to explain its evaluation (or lack thereof) of the 1981 medical evidence submitted after the hearing officer's initial decision.  Pl.'s Mem. 3.  Generally speaking, the Appeals Council is obligated to consider newly submitted evidence (alongside the rest of the record) if it "relates to the period on or before the date of the administrative law judge hearing decision"; it will then formally review the case if the hearing officer's decision is contrary to the weight of the expanded record.  20 C.F.R. § 404.970(b).  Federal courts reviewing the decisions of the Council, however, only have statutory authority to remand for consideration of new evidence if that evidence is both material (that is to say, if there is a reasonable probability that it would change the outcome of the proceeding) and if there was good cause for the failure to present that evidence to the hearing officer.  Mills v. Apfel, 244 F.3d 1, 5-6 (1st Cir. 2001); see also Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987).  The power of courts to review the Appeals Council's

denial of review is even more constrained, as such review is only allowed when the Appeals Council "gives an egregiously mistaken ground for this action." Mills, 244 F.3d at 5; see also id. at 6 (stating that an Appeals Council denial of review "would be effectively unreviewable if no reason were given for the refusal," but stating that a court may review the denial "if the Appeals Council mistakenly rejected . . . new evidence on the ground that it was not material").[3]

The Commissioner attempts to counter Bray's argument on two grounds: first, that the new evidence was immaterial because of Bray's purported substantial gainful activity, and second, that Bray has not demonstrated good cause as to why the evidence was not submitted to the hearing officer. Def.'s Mem. 7-10. Turning to the first argument, the Commissioner argues that the Appeals Council's denial of review on the ground that Bray had engaged in substantial gainful activity was consistent with the hearing officer's determination (1) that her 1997 earnings created a presumption of such activity and (2) that there was no evidence in the record that she had received accommodations

---

[3] Bray cites contrary authority from the Fifth Circuit holding that the Appeals Council's "perfunctor[y] adher[ance] to the decision of the hearing examiner" and failure "adequately [to] evaluate" newly submitted evidence necessitates remand. Pl.'s Mem. 4 (citing Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980)). Given that First Circuit precedent is controlling, this Court declines to follow the standard Bray suggests.

capable of rebutting this presumption.  Id. at 7 (citing Admin. R. 7, 17).  Responding to Bray's contention that the hearing officer "ruled that the claimant's work after age 22 did not constitute substantial gainful activity," Pl.'s Mem. 5 (citing Admin. R. 18 (noting that there were twelve-month periods in which Bray engaged in no substantial gainful activity)), the Commissioner observes that the hearing officer explicitly proceeded to step two of the process only after giving Bray "the benefit of the doubt" regarding the possibility that she had received accommodations at work, Def.'s Mem. 7.

The Commissioner has the better of the argument.  According to Social Security Ruling 85-5c, which binds the hearing officer and the Appeals Council, a claimant for adult childhood disability benefits is only eligible for those benefits if she can show continuous disability between her twenty-second birthday and the date of her application.  E.g., Welch v. Colvin, No. 3:12-cv-645-CAN, 2014 WL 4261244, at *4 (N.D. Ind. Aug. 28, 2014).  Accordingly, any substantial gainful activity after the age of twenty-two – even if only for a brief period, and even if there are periods of twelve months or greater in which no substantial gainful activity is performed – renders a claimant ineligible for adult childhood disability benefits.  See id.  While Bray argues otherwise, it is clear from the face of the hearing officer's decision that he found that Bray had

engaged in substantial gainful activity in 1997 and that he proceeded to step two of the disability determination process only by giving Bray "the benefit of the doubt."  Admin. R. 17-18.  This decision – and the related decision of the Appeals Council not to review the hearing officer's opinion on the ground that Bray had engaged in substantial gainful activity, based on its evaluation of the letter from Bray's former employer – ends the disability determination process at step one.  Bray's new evidence, which only bears on step two, thus could not possibly have any effect on the outcome of the claim, meaning it is immaterial such that this Court does not have the statutory authority to remand the claim and order its consideration.  Because the Court rules that the new evidence is immaterial, it need not address the Commissioner's argument that Bray lacks good cause for her failure to present the evidence to the hearing officer.

## V.   CONCLUSION

For the foregoing reasons, the Court DENIES Bray's motion to remand her claim, ECF No. 24, and GRANTS the Commissioner's motion to affirm the Commissioner's decision denying Bray adult childhood disability benefits, ECF No. 27.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ William G. Young
　　　　　　　　　　　　　　　　　　WILLIAM G. YOUNG
　　　　　　　　　　　　　　　　　　DISTRICT JUDGE